WASHINGTON CIRCUIT                    Case No.:CL23001157-00

NEAL, JEFFREY G                vs.    NEAL, CYNTHIA A

| TABLE OF CONTENTS | | |
|---|---|---|
| Document Index | Date Filed | Page |
| **Manuscripts:** | | |
| INITIAL FILING - COM: | 05/22/2023 | 1 - 40 |
| MOTION - FOR TEMPORARY INJUNCTION | 06/29/2023 | 41 - 44 |
| NOTICE OF HEARING - 7-10-23 | 06/29/2023 | 45 - 49 |
| LETTERS | 05/22/2023 | 50 - 50 |
| AFFIDAVIT | 07/05/2023 | 51 - 53 |
| ORDER - TRANFER TO FEDERAL COURT | 07/10/2023 | 54 - 54 |

I, Tricia S. Moore, Clerk of the Washington Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.

WASHINGTON CIRCUIT                    Case No.:CL23001157-00

NEAL, JEFFREY G                vs.    NEAL, CYNTHIA A

| TABLE OF CONTENTS | | |
|---|---|---|
| Document Index | Date Filed | Page |
| **Manuscripts:** | | |
| INITIAL FILING - COM: | 05/22/2023 | 1 - 40 |
| MOTION - FOR TEMPORARY INJUNCTION | 06/29/2023 | 41 - 44 |
| NOTICE OF HEARING - 7-10-23 | 06/29/2023 | 45 - 49 |
| LETTERS | 05/22/2023 | 50 - 50 |
| AFFIDAVIT | 07/05/2023 | 51 - 53 |
| ORDER - TRANFER TO FEDERAL COURT | 07/10/2023 | 54 - 54 |

I, Tricia S. Moore, Clerk of the Washington Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.



FILED
MAY 22 2023

DEPUTY CLERK
CIRCUIT COURT
WASHINGTON COUNTY, VA

VIRGINIA:

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY

DR. JEFFREY G. NEAL,

        Plaintiff,

v.                                    Case No. 23-1157

CYNTHIA A. NEAL
SERVE:
602 Watts Street
Durham, NC  27701,

        Defendant.

## VERIFIED COMPLAINT

        The Plaintiff, Dr. Jeffrey G. Neal, sues the Defendant, Cynthia A. Neal, for declaratory judgment under Virginia Code Section 8.01-184 and for other ancillary relief, including injunctive relief, and in support thereof states the following:

1. Linda G. Neal resides at 445 West Valley Street in Abingdon, Virginia, with her son, Dr. Jeffrey G. Neal, and several caregivers and housekeepers.  She is seventy-nine years of age and has two other children, Cynthia Neal and Michael Neal.

2. On April 29, 2009, Linda Neal executed a general durable power of attorney designating her son Jeffrey Neal as her agent, giving the agent a broad range of powers to enable the agent to help her manage her affairs.  A copy of this instrument is attached hereto and incorporated herein by reference.

3. Subsequent to the execution of this power of attorney, Linda Neal became incapacitated from conducting and transacting her own business, her own financial affairs, and her own health care decisions.  Since at least 2015, she has suffered progressive disabling dementia, long-standing bipolar disorder, depression, and other mental health conditions for which she received and continues to receive ongoing treatment and drug therapy.  Since that time, she has been a person under a disability and incapacitated from managing her affairs.

1

4. These conditions adversely affect her daily behavior such that she cannot understand the purport of information, whether written or oral, that she may receive, cannot remember the same beyond a fleeting, temporary recall, and requires constant care and supervision for her mental and physical well-being.

5. Linda Neal was suffering such disabling incapacity on April 14, 2023.

6. On April 14, 2023, the Defendant, Cynthia Neal, took and carried Linda Neal to an attorney in Roanoke, Virginia, named Lee Osborne, who prepared two powers of attorney for Linda Neal to sign. Linda Neal signed and acknowledged the two powers of attorney, "Special Power of Attorney," and "General Durable Power of Attorney," which are attached hereto and made a part hereof by reference.

7. Cynthia Neal, or an attorney on her behalf, arranged for the meeting with Attorney Lee Osborne without the knowing consent of Linda Neal.

8. At the time she took these actions, Cynthia Neal was an adverse party to Jeffrey Neal in two lawsuits involving claims of fraud against Jeffrey arising out of a property transaction in Aspen, Colorado, and out of a partition suit initially filed in the Circuit Court of Washington County, and later removed to Federal Court, where she filed counterclaims alleging fraud and other bad conduct by Jeffrey Neal.

9. The partition suit filed in Washington County sought to divide properties owned jointly by the three siblings Cynthia Neal, Jeffrey Neal, and Michael Neal, and did not name Linda Neal as a defendant or seek any relief with respect to properties owned by Linda Neal. In filing the partition suit, Jeffrey Neal sought to insulate and protect his incapacitated and vulnerable mother from controversies amongst her children. Linda Neal was not a party necessary to afford complete relief amongst the siblings.

10. Cynthia Neal, however, in her Federal Court pleadings, has sought to involve her mother and properties owned solely by her mother in the case, threatening and causing her mother grave upset and unhappiness. She has determined that it is in her immediate personal interest in the pending litigation to involve and exercise control over her mother's interests.

2

11. The "Special Power of Attorney" exhibited above gives Cynthia Neal direct control over her mother's property and interests as may be involved, or which Cynthia may attempt to have her involved with, her litigation with Jeffrey Neal.

12. Cynthia Neal, as putative attorney in fact for Linda Neal, is in direct conflict between her personal interests and the best interest and welfare of Linda Neal.

13. Within recent months, Cynthia Neal has attempted to exercise improper influence and control over her mother. For example, during the first week of March of this year, under the guise of having a social visit with her mother in Durham, North Carolina, where Cynthia resides, Cynthia Neal took her mother to tour a nursing home and stated that if Linda Neal "did not stick together" with Cynthia, that she would have to go into the nursing home. When Linda Neal returned from her "social visit" with Cynthia, Jeffery Neal found his mother frightened and in great distress over the visit to the Durham nursing home.

14. In a further attempt to force Linda Neal "to stick together" with Cynthia, on or about the time of the North Carolina trip Cynthia sought to drive a wedge between Linda Neal and her son Jeffrey by telling her mother that Jeffrey had stolen gold and other assets of the family. This statement caused Linda Neal great distress that has exacerbated her mental conditions.

15. An actual case in controversy exists between Jeffrey Neal and Cynthia Neal as to which power of attorney is the valid and subsisting power of attorney or powers of attorney for Linda Neal. Jeffrey Neal asserts that the April 29, 2009, power of attorney is the only valid power of attorney for his mother on the grounds that it was properly executed and that his mother lacked the capacity to revoke that power of attorney and execute a new power of attorney on April 14, 2023, due to her incapacity as set forth above and due to the undue influence exerted upon her by Cynthia Neal. Cynthia Neal contends otherwise. It is necessary for the parties to know who is the agent for Linda Neal and what is the scope of that agency.

16. Injunctive relief is proper or necessary to carry out the declaratory relief requested of the Court. Irreparable harm, which can only be prevented by preliminary and permanent injunctive relief, will accrue to the parties, and to Linda Neal in the form of increased emotional distress, confusion as to the management of the assets of the parties and of Linda Neal, and waste of judicial resources,

3

will result to the parties and to Linda Neal as a result of the above-described actions of Cynthia Neal.

WHEREFOR, the undersigned prays that proper process issue and that the Court grant declaratory judgment that the valid power of attorney is that dated April 29, 2009, and that the powers of attorney putatively granted by Linda Neal to Cynthia Neal on April 14, 2023, are invalid and of no effect. Further, the Plaintiff requests that the Court enter a preliminary and permanent injunction against said actions and against exercise by Cynthia Neal under putative powers of attorney dated April 14, 2023.

STATE OF VIRGINIA,        )
CITY OF BRISTOL.          )        TO-WIT:

Dr. Jeffrey Neal, being first duly sworn, deposes and states that the facts set forth in the foregoing "Verified Complaint" are true and accurate to the best of his knowledge and belief.

Sworn to and subscribed before me this _19th_ day of May, 2023.

My commission expires:

06-30-2024

Notary Public

DR. JEFFREY NEAL

DR. JEFFREY G. NEAL
BY COUNSEL

JOHN E. KIEFFER, Counsel for Plaintiff
VSB #14599
John E. Kieffer, Attorney at Law, PLLC
1934 Euclid Avenue
PO Box 2125
Bristol, VA   24203-2125
Tel. 276-466-5522
Fax 276-466-2124
e-mail jekpc@bvu.net

4

# SPECIAL POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS that I, the undersigned, LINDA G. NEAL, do hereby constitute and appoint as my true and lawful attorney-in-fact my daughter, CYNTHIA A. NEAL, (hereafter "Agent") with full power of substitution, for the purpose of acting for me, on my behalf and in my stead, and representing me in all matters, meetings regarding and in all actions related to and involving my interests in any and all of the Neal Family Investments (as hereafter defined) in which I have or may have an interest, including the power to vote in my name and stead my interests in such Neal Family Investments, and to exercise on my behalf all of my rights as a shareholder, member, partner, fiduciary or beneficiary and/or owner of, or in any other capacity as my interests may appear, any of the Neal Family Investments. This Special Power of Attorney shall expressly include my interests in any litigation, whether currently pending or hereafter filed, to which I am or may be made a party in interest, involving the Neal Family Investments, and shall otherwise authorize my Agent to take such actions and to execute such documents on my behalf as my Agent, in my Agent's sole discretion, deems in my best interest in connection with the management and disposition of the Neal Family Investments, including without limitation the execution and delivery of deeds conveying or affecting any interest I may have in any real estate that is a Neal Family Investment.

As used herein, the term "Neal Family Investments" means all ownership or other interests in corporations, partnerships, limited liability companies, associations, tenancies in common, trusts (including land trusts) and any other entities or forms of investments, and all tenancies in common and other ownership interests in real estate and in tangible and intangible personal property, that were created by me or by my deceased husband, Roger D. Neal, either solely or jointly with me or a member of our family, or that are owned or controlled, directly or indirectly, by one or more of my children or an entity created by or for the benefit of one or more of my children and in which I have or could have in the future a beneficial or fiduciary interest.. The term "Neal Family Investments" shall also include investments in publicly held entities or in entities or property that are owned or controlled solely by me or in a trust or other entity or legal arrangement for my benefit.

I hereby confirm that I have previously granted the authority with regard to the Neal Family Investments under my General Power of Attorney dated April 29, 2009. To the extent that the provisions of this Special Power of Attorney shall conflict with that document I hereby expressly provide that this document shall control.

Any person, firm or corporation shall be fully protected in relying upon this power of attorney unless and until he or it shall have received notice of its revocation or notice of the death of the undersigned. All parties dealing with my Agent are expressly exonerated from any duty to look to the application of funds or property delivered to my Agent.

The power hereby conferred shall not be affected or terminate on my disability or subsequent incompetency. Further, subsequent incompetency on my part shall not restrict the

authority of my Agent to use so much of the corpus of my estate as, in the exercise of my Agent's sole discretion, my Agent may deem appropriate.

This Special Power of Attorney shall be governed by the laws of Virginia.

Given under my hand and seal this 14th day of _April_ .2023.

_Linda B. Neal_ (SEAL)
Linda G. Neal

STATE OF VIRGINIA          )
                           )        To-wit:
CITY/~~COUNTY~~ OF _Roanoke_ )

The foregoing instrument was acknowledged before me in my jurisdiction aforesaid this 14th day of _April_ .2023, by Linda G. Neal.

_Nancy E. Stewart_
Notary Public

My Commission Expires:
_March 31, 2026_

NANCY E. STEWART
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #200029
My Commission Expires _3/31/26_

## GENERAL DURABLE POWER OF ATTORNEY

I, LINDA G. NEAL, make this General Power of Attorney appointing CYNTHIA A. NEAL of Durham, North Carolina, as my true and lawful Attorney-in-Fact (my "Agent"). My Agent is authorized to act for me as set forth below:

(1) <u>Receive and Manage Property; Legal Actions</u>. My Agent may demand, sue for, receive, collect and hold any and all moneys, securities and other property, of any nature whatsoever, that now belong to me or may belong to me in the future or in which I may have an interest, and generally to deal with any such property. My Agent may prosecute or defend any action to protect me, my property, or my Agent in the performance of duties under this instrument, and pay, contest, or settle any claim by or against me, or my Agent arising out of the performance of duties under this instrument.

(2) <u>Bank and Other Financial Accounts</u>. My Agent may maintain any financial accounts, including checking, savings, credit union or brokerage accounts presently in my name, and deposit money into, withdraw money from and draw checks on these accounts, and close any such accounts. My Agent is authorized to establish new accounts of all kinds in my name with financial institutions of any kind, including, but not limited to, banks and brokerage firms; to make deposits to and to make withdrawals from all accounts in my name or with respect to which I am an authorized signatory; to execute and deliver any instruments or checks with respect to such accounts; to contract for any services rendered by any bank or financial institution; and to close any such accounts.

(3) <u>Investments/Voting of Stock and Other Rights</u>. My Agent is authorized to buy or sell stocks, bonds, Treasury securities, or other investments on my behalf. My Agent shall comply with the "prudent investor" rule. In satisfying this standard, my Agent shall exercise reasonable care, skill, and caution, and shall, except as provided in the following sentence, be subject to the provisions of the Uniform Prudent Investor Act as enacted in Virginia. I expressly authorize my Agent to retain any asset purchased or acquired by me. With respect to any stock or other corporate securities which I now own or may hereafter acquire, my Agent may vote in person or by proxy at all meetings of shareholders, regular or special; transfer, redeem, convert, or exchange any stock or other corporate security that now belongs to me or may belong to me in the future or in which I may have an interest; make, execute, and deliver any endorsement, assignment, certification, or other document in connection with any such stock or security; and exercise all other rights attendant upon an owner of such securities.

(4) <u>General Power to Purchase or Sell Real or Personal Property</u>. My Agent may sell or otherwise transfer any of my property, real, personal, or mixed, tangible or intangible, on such terms and conditions as my Agent may deem advisable, and sign all necessary deeds and conveyances thereof, with all necessary warranties or indemnifications that my Agent may deem useful in effecting such sale or transfer. My Agent may purchase real or personal property for my use as my Agent deems advisable. My Agent may make, sign, acknowledge and deliver any contract, deed or

**WOODS
ROGERS
VANDEVENTER
BLACK**
ATTORNEYS AT LAW

INITIALS:

SIGNED FOR IDENTIFICATION:

LINDA G. NEAL                                     7

(3062011-2, 125696-00001-01)

2

other document relating to real estate or personal property or both, and perform any contract binding either me or my Agent.

(5)   Specific Powers Regarding Real Estate.   This power of attorney specifically gives my Agent the full power to manage, deal with, lease, or sell my interest in my principal residence or any other real property owned by me or in which I have an interest.  This power of attorney also gives these authorities to my Agent with respect to any fixtures attached to any of my real property, any personal property used in connection with my real property, and any policies of casualty insurance on my real property.  My Agent may improve, develop, manage, or lease any of my property, real or personal, upon such terms as my Agent may deem appropriate and sign all necessary contracts therefor.

(6)   Insurance Policies.   My Agent may maintain, purchase, surrender or collect:   1) insurance on my life or the life of any one in whom I have an insurable interest, 2) liability insurance protecting me and my estate, 3) hospital, medical, Medicare supplement, custodial and long term care insurance, and disability income insurance, and 4) casualty insurance on any of my property; pay any premiums or other charges required to maintain such policies; borrow against any cash values; transfer ownership to the primary beneficiaries named therein; and make any elections with respect to the policies; provided that my Agent shall have no power with respect to insurance which would cause any part of my property to be included in my Agent's gross estate for estate tax purposes if my Agent should predecease me.  My Agent may collect all hospital or other insurance due me or on my behalf and apply for social security benefits, railroad retirement benefits, veterans benefits, or similar benefits for me.

(7)   Employees.   My Agent may employ persons, even if they are associated with my Agent, to advise or assist in the performance of the duties under this instrument.

(8)   Borrowing and Lending.   My Agent may borrow money in my name on reasonable terms comparable with those available in arm's-length transactions between unrelated persons and execute notes and security interests or other documents that may be necessary and proper in connection with any borrowing on my behalf.

(9)   Instruct Others.   My Agent may instruct any entity or person having custody or control of any assets of mine, or any assets in which I may have an interest, in any agency, fiduciary or other capacity, and I authorize that person or entity to rely upon such instructions, provided, however, that my Agent shall not have the authority to withdraw assets from or amend a Revocable Trust Agreement executed by me in such a manner as to change the ultimate distribution of the trust assets upon my death, unless expressly authorized in the Trust Agreement to do so.

WOODS
ROGERS
VANDEVENTER
BLACK
ATTORNEYS AT LAW

INITIALS:                                  SIGNED FOR IDENTIFICATION:

_____                              _____
                                           LINDA G. NEAL

{3062011-2, 125696-00001-01}                                                8

3

(10)  <u>Release of Medical Information</u>.  **My Agent is authorized to waive physician patient privilege to facilitate consultations between my Agent and my physician and other health care advisors, and to have access to, and grant releases for, any and all documents and information in the hands of my physicians and other health care advisors, including "protected health information" under the Health Insurance Portability and Accountability Act of 1996 (hereinafter referred to as "HIPAA").  I designate my Agent as my "Personal Representative" for all purposes of HIPAA, and my Agent shall have the authority to designate additional persons as Personal Representatives, and to allow such persons access to information about my medical care, treatment and condition.  My Agent shall use my protected health information to make decisions and take action concerning my property which relate to my health care.  I may have designated other persons as Personal Representatives for other purposes, and it is not my intention that the designation made herein supersede or be superseded by any other designations; rather, they shall be concurrent designations.**

**I call to my Agent's attention that I may have an Advance Medical Directive conferring upon an agent named therein certain powers concerning my medical care and end of life decisions.  I desire and expect that my Agent under this Power of Attorney and my agent under my Advance Medical Directive will cooperate and coordinate their efforts on my behalf.**

(11)  <u>Obligations</u>.  My Agent may pay all sums of money that may now or in the future be owing by me, whether the obligation is incurred by me or by my Agent, including all hospital, doctor or other bills and all bills that may be necessary for my comfort and support of whatever nature or kind; compromise or submit to arbitration any claim, whether it is against me or in my favor; and receive or give releases in connection with claims against me or in my favor.

(12)  <u>Safe Deposit Boxes and Post Office Boxes</u>.  My Agent may enter my existing safe deposit boxes, remove or add to the contents, surrender possession and terminate the lease, and open any new safe deposit boxes in my name.  My Agent may enter any mail box which I shall have hired, whether at a United States Post Office or elsewhere; surrender the box and terminate the lease at my Agent's discretion; sign for any certified or registered mail directed to me, and execute any order required to forward mail to any location selected by my Agent.

(13)  <u>Tax Matters</u>.  I waive any privileges I may have against disclosure of any confidential tax information to my Agent.  My Agent is authorized:  (1) to inspect any tax return or information return; (2) to represent me, or to appoint a recognized representative to represent me, in connection with any individual income tax (IRS form 1040), gift tax (IRS Form 709) or any other tax matters, for the tax years 2013 through 2053; (3) to prepare, sign, and file federal, state, and local, income, gift, and other tax returns of all kinds, including refund claims, requests for extension of time to file or pay, offers, waivers, and consents relating to any type of tax; (4) to execute closing agreements under Section 7121 of the Internal Revenue Code; (5) to negotiate checks payable for tax refunds;

WOODS
ROGERS
VANDEVENTER
BLACK
ATTORNEYS AT LAW

INITIALS:                                    SIGNED FOR IDENTIFICATION:

_Linda G. Neal_
LINDA G. NEAL

4

and (6) to prepare, sign and file any power of attorney form (including form 2848) appointing my Agent or any suitable person selected by my Agent as my representative before the Internal Revenue Service, state, or local taxing authority.

(14)    Transfers to Trusts. My Agent may transfer and convey to my Trustee under a Trust Agreement made by me during my lifetime prior to or after the execution of this power, any of my assets, including without limitation real property, as my Agent may deem appropriate.

(15)    Gifts.

a.    My Agent may make gifts to my children and other descendants as my Agent determines to be appropriate. My Agent may make any such gift in an amount not exceeding the annual federal gift tax exclusion, under Code Sec. 2503(b), and my Agent may make unlimited transfers for my descendants for those expenditures described in Code Sec. 2503(e) (medical care, tuition, etc.).

b.    My Agent may make gifts on my behalf to any charitable organization to which I have previously made gifts or which are consistent with my prior charitable intent, and may pay my charitable pledges and dues, in a manner that my Agent may determine to be consistent with my general donative history.

c.    Gifts under this Article may be made outright or to a trust for the primary benefit of a permissible donee or multiple permissible donees, or to any legal guardian or custodian under any applicable Uniform Transfers (or Gifts) to Minors Act, or Uniform Custodial Trust Act, as my Agent may deem appropriate, even if my Agent is such a trustee, guardian, or custodian.

d.    No gift may be made from my assets to any Agent of mine, except as is appropriate for that donee's health, education, support, or maintenance, determined without taking into account any other available income and assets.

(16)    Retirement Benefits. My Agent may select the method and time of payments from and the beneficiaries of any pension, profit sharing, stock ownership or other retirement plans; elect to participate in and make investment selections and give investment directions under such plans; amend or terminate individual retirement accounts or other retirement or deferred income arrangements; and make selections of optional benefits offered by my employer and exercise continuation rights as to any benefits; provided that my Agent shall have no power to designate himself or herself as a beneficiary or contingent beneficiary to receive a greater share than my Agent would otherwise have received unless such change is consented to by all other beneficiaries who would have received the benefits but for the proposed change.

WOODS
ROGERS
VANDEVENTER
BLACK
ATTORNEYS AT LAW

INITIALS:                                SIGNED FOR IDENTIFICATION:

_Linda G. Neal_
LINDA G. NEAL

{3062011-2, 125696-00001-01}                                              10

5

(17)   _Digital Assets_.  My Agent shall have (i) the power to access, use and control my digital devices, including but not limited to, desktops, laptops, tablets, peripherals, storage devices, mobile telephones, smartphones, and any similar digital device which currently exists or may exist as technology develops or such comparable items as technology develops for the purpose of accessing, modifying, deleting, controlling or transferring my digital assets, and (ii) the power to access, modify, delete, control, curate, maintain, and transfer my digital assets, including but not limited to, my emails received, email accounts, digital music, digital photographs, digital videos, software licenses, social network accounts, file sharing accounts, financial accounts, bank accounts, online billing accounts, domain registrations, DNS service accounts, web hosting accounts, tax preparation service accounts, online stores, affiliate programs, other online accounts and similar digital items which currently exist or may exist as technology develops or such comparable items as technology develops. The terms used in this authorization are to be construed as broadly as possible and shall include, without limitation, the authority over the content of an electronic communication of the principal as provided by Va. Code §64.2-123 or any successor statute.

(18)   _Disclaimer_. My Agent may disclaim the succession to any property, real or personal, or interest therein, to the extent allowed under applicable law.

(19)   _Compensation and Responsibility of Agent(s)_. The person serving as my Agent shall be entitled to receive reasonable compensation for services rendered and reimbursement for all costs advanced.  With the exception of subparagraph e. below, my Agent shall not be required to make any settlement of accounts to any court or person, except to me, my representative, or my estate as provided hereafter or under the applicable laws.

I intend that my Agent be aware of the following responsibilities under Virginia law, which are restated here by way of example and not by way of exclusion or limitation:

a.   My Agent must use due care to act in my best interest in accordance with the terms of this instrument.

b.   My Agent is liable for any breach of legal duty owed to me as a fiduciary under Virginia law.

c.   My Agent must not commingle my property with that of my Agent.

d.   My Agent must keep a record of all receipts, disbursements, and significant actions taken under this instrument.

e.   Upon my personal demand, or upon the demand of any person named by me to receive such accounting, or upon the demand of my closest living relative not currently serving

WOODS
ROGERS
VANDEVENTER
BLACK
ATTORNEYS AT LAW

INITIALS:

SIGNED FOR IDENTIFICATION:

_Linda G. Neal_
LINDA G. NEAL

6

as Agent under this instrument, my Agent shall within a reasonable period of time from such demand, provide an accounting of all receipts, disbursements, and significant actions taken under this instrument, accompanied by reasonable supporting documentation.

(20)    Successors.  In the event my primary Agent named above is not able to continue acting as my Agent as a result of accident, illness, advanced age or mental or physical incapacity, or if my primary Agent dies or resigns or is otherwise unavailable or unwilling to serve for any reason, then I appoint as my Successor Agent my nephew, TIMOTHY GARDNER, of Yorktown, Virginia.

(21)    Incorporated Powers.  In addition to the powers set out above, and the powers now or hereafter conferred by law, my Agent shall have all the powers enumerated in Title 64.2, Sections 1625 through 1638, as authorized by Section 1623 of the Code of Virginia for 1950, as amended from time to time, which are incorporated herein by reference.

(22)    General.  Without limiting the above powers, I authorize my Agent generally to perform any other acts of any nature, that ought to be done, or in the opinion of my Agent ought to be done, in any circumstances as fully and effectively as I could do if acting personally. The granting of authority to my Agent under this instrument shall not be deemed to create a duty to act in any particular instance when my Agent in my Agent's discretion undertakes to act.

(23)    Durable Power of Attorney.  This Power of Attorney shall not terminate upon the disability of me, but in the event of such disability, shall continue in full force and effect pursuant to the provisions of Title 64.2, Section 1602 of the Code of Virginia for 1950 as amended from time to time; and I hereby ratify and confirm all lawful acts done by my Agent by virtue hereof.

(24)    Miscellaneous and Definitions.

a.    Revocation/Exoneration.  I may revoke this power of attorney by a written instrument, but all persons shall recognize the continuing authority of my Agent under this power of attorney until actual receipt of a written notice of revocation or actual notice of my death is received.  No one shall be liable to me or to my estate for losses resulting from the good faith recognition of the authority of my Agent prior to actual receipt of a written notice of revocation or my death. All parties dealing with my Agent are expressly exonerated from any duty of looking to the application of funds or property delivered to my Agent. I hereby ratify and confirm all actions which may be taken by my Agent under this power of attorney. **This power of attorney supersedes and revokes all prior general powers of attorney made by me at any time**.

b.    Counterparts.  Anyone may rely fully, completely, and equally on: (1) the original of this power of attorney; (2) a duly executed counterpart; (3) a copy certified by my Agent

/OODS
OGERS
ANDEVENTER
LACK
TORNEYS AT LAW

INITIALS:                              SIGNED FOR IDENTIFICATION:

_LINDA G. NEAL_

7

to be a true copy of the original power of attorney; or (4) a certified copy recorded in the Clerk's office of the Circuit Court in a County or City where I live or have lived.

        c.    <u>Purchasers</u>.  A purchaser from my Agent is not obligated to see to the application of the purchase money or other consideration paid for such property.

        d.    <u>Construction</u>.  I intend that any authority granted to my Agent shall be construed and when necessary limited so as to prevent my Agent from being taxed on my income and to prevent my assets from being considered as subject to a "general power of appointment" by my Agent, as that term is defined by the Internal Revenue Code.  Whenever the context requires, the masculine gender shall include the feminine, and vice versa; and the singular number shall include the plural, and vice versa. Captions in this instrument are for convenience of reference only and shall not modify, limit or otherwise affect any of the terms hereof.

        e.    <u>Governing Law</u>.  This power of attorney shall be governed by and construed according to the laws of the Commonwealth of Virginia.

      WITNESS the following signature and seal, this _14th_ day of _April_, 2023.

                                 _Linda G. Neal_
                                 LINDA G. NEAL

WITNESSES:

_Glee E. Osborne_

_Judy L. Fry_

COMMONWEALTH OF VIRGINIA

CITY/~~COUNTY~~ OF _Roanoke_, TO-WIT:

    The foregoing instrument was acknowledged before me this _14th_ day of _April_, 2023, by LINDA G. NEAL.

    My commission expires: _March 31, 2024_

                              _Nancy E. Stewart_
                                Notary Public

WOODS
ROGERS
VANDEVENTER
BLACK
ATTORNEYS AT LAW

{3062011-2, 125696-00001-01}

NANCY E. STEWART
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #200029
My Commission Expires _3/31/26_

13

# GENERAL POWER OF ATTORNEY CLR2020Q0252

KNOW YE ALL MEN BY THESE PRESENTS, that I, Linda Gardner Neal, the Undersigned Grantor, do hereby make, constitute, and appoint my husband, Roger Neal, of Abingdon, Virginia, and in the event he fails or ceases to serve, my son, Jeffrey Neal, M.D., of Abingdon, Virginia, as my true and lawful attorney in fact for me, and in the event he fails or ceases to serve, my daughter, Cynthia Neal, of Durham, North Carolina, as my true and lawful attorney in fact for me, and in the event she fails or ceases to serve, my son, Michael Neal, of Abingdon, Virginia, as my true and lawful attorney in fact for me, and to act in my name, place, and stead, and on my behalf, and for my use and benefit; That in the event that none of the above serve or they cease to serve then the person(s), in the above order named herein as attorney in fact, shall select a substitute holder of said power whom shall have all the rights, powers, and duties of any person specifically named hereinabove. In the event this process fails, the Virginia living adult heirs of the undersigned shall have the duty, by a majority of those voting, to select a successor. Said holder shall have all of the following rights, duties, authority and powers as set forth herein regarding the Grantor of this Power of Attorney as follows:

1. GENERAL POWERS: To ask, demand, sue for, recover, and receive all manner of goods, chattels, debts, rents, interest, sums of money, and demands whatsoever, whether now or hereafter due and owing, or belonging to me, and to make, give, and execute acquaintances, receipts, releases, satisfactions, or other discharges for the same, whether under seal or otherwise;

2. MONIES: To make, execute, endorse, accept, and deliver in my name or in the name of my said attorney all checks, notes, drafts, warrants, acknowledgments, agreements and other instruments, of whatsoever nature, as to my said attorney in fact may deem

14

necessary to conserve my interest; or enter my safe deposit box and/or withdraw funds from any bank account of mine and to conduct all banking business;

3. CONTRACTS AND OTHER INSTRUMENTS: To execute, acknowledge, and deliver any and all contracts, promissory notes, deeds, leases, assignments of mortgage, extensions of mortgage, satisfactions of mortgage, releases of mortgage, Trust Deeds, subordination agreements, personal property bills of sale, motor vehicle certificates of title (including mobile homes) and any other instrument or agreement of any kind or nature whatsoever in connection therewith, in effecting any and all property which I now own or hereafter acquire, located anywhere, which to my said attorney in fact may seem necessary or advantageous for my interest;

4. REAL ESTATE - GENERAL: To enter into and take possession of all lands, real estate, tenements, houses, stores, or buildings, or parts thereof, belonging to me, that may become vacant or unoccupied, or to the possession of which I may be or become entitled, and to receive and take for me and in my name and provide for my use all or any rents, profits, or issues of any real estate to me belonging, and to lease the same in such manner as to my attorney shall deem necessary and proper, and from time to time to renew leases;

5. SALE OR LEASE OF REAL ESTATE: To sell and convey or lease or rent the real property hereinafter described at such price and on such terms and conditions as to my attorney in fact may deem fit and proper, either for cash or for other property in whole or in part; to take any real property in exchange for that owned by me subject to all existing encumbrances thereon, if any; to pay any additional amount for such property so taken in exchange for mine as may be required to adjust the amounts of the purchase prices of such properties; to sign, execute, and deliver all contracts for the purchase of such properties so exchanged for mine or for the sale and conveyance of my property; to execute and deliver any deeds or instrument of conveyance that may be essential or required for the proper

15

conveyance of my property;  to accept any such instrument as may be required for the conveyance to me of the property taken in exchange for mine, and on the closing of such agreement, to make all adjustments for interest, taxes, water rates, or other amounts that may be required to be adjusted; to pay any money that may be necessary as a result of any adjustments; and to do all other acts or things that I myself might do in making such exchange and effecting such sale of my property or its exchange for other property.  Holder is also authorized to transfer said property without consideration.

6.  LEGAL ACTIONS:  To commit, and prosecute in my behalf all suits or actions for other legal or equitable proceedings for the recovery of any of my lands or for all goods, chattels, debts, duties, demands, cause or thing whatsoever, due or to become due or belonging to me, and to prosecute, maintain, and discontinue the same, if he shall deem proper.

7.  MANAGEMENT OF BUSINESS AND REAL ESTATE:  To take all steps and remedies necessary and proper for the conduct and management of my business affairs, and for the recovery, receiving, obtaining, and holding possession of any land, tenements, rents, or real estate, goods and chattel, debts, interest, demands, duties, sum or sums of money for any other thing whatsoever located anywhere, that is, or, or should be, by my said attorney in fact, thought to be due, owing, belonging to or payable to me in my own right or otherwise.

8.  DEFENSE OF LAWSUITS:  To appear, answer, and defend in all actions and suits whatsoever which shall be commenced against me and also for me and in my name to compromise, settle, and adjust, with each and every person or persons, all actions, accounts, dues, and demands, subsisting or to subsist between me and them or any of them, and in such manner as my said attorney in fact shall think proper.

9.  POWERS OF AMENDMENT OR REVOCATION OR APPOINTMENT OVER

TRUST: To exercise any Powers of Revocation, Amendment, or Appointment which I may have over the income or principal of any Trust.

10. FIDUCIARY ACTS: To act on my behalf in connection with any fiduciary position that I might hold that complies with Virginia law.

11. INCIDENTS OF OWNERSHIP OF LIFE INSURANCE: To exercise any incidents of ownership on any life insurance policies that I own on the life of my attorney in fact or my own life.

12. BENEFICIARY DESIGNATIONS: To change Beneficiary designations on any death benefits payable on account of my death regarding any life insurance policy, employee benefit plan, retirement program or annuity or individual retirement account. To change add or delete any right to survivorship or other type tenancy designation on any property, real or personal, to which I hold title, alone or with others.

13. ESTATE OR WILL RIGHTS: To exercise any right, or refuse, release or abandon any right, to claim an elective share in any estate or under any Will.

14. HEALTH CARE: To make any and all decisions regarding medical treatments or health care. This includes but is not limited to seeing, examining all medical records of the principal and making medical decisions not otherwise covered by health care Power of Attorney, Living Will, and other like documents.

15. TRUST CREATION: To create Trusts, of any nature or any kind, including but not limited to, Revocable or Irrevocable Trusts for my benefit and/or use, domestic or foreign and transfer title of my real or personal property to any or all Trusts that attorney creates hereunder or that I have previously created or transferred assets to.

16. MEDICAL RECORDS: To have the right to review and receive medical records and

9

information regarding any proposed or past health care of any nature, and to consent to the disclosure of medical records.

17. STATUTORY POWERS: To make use of any and all Powers set forth at the time of the execution of this Agreement or hereinafter added to the list of Powers of Attorney in fact set out by statute which is incorporated herein by reference.

18. POWER TO ACT: That I hereby grant to my said attorney power and authority to do, execute and perform and finish for me and in my name all those things which shall be expedient and necessary, or which my said attorney will judge expedient and necessary in and about or concerning the premises, or any of them, as fully as I the said Undersigned could do if personally present, hereby ratifying and confirming whatever my said attorney shall do or cause to be done, about, or concerning the premises, and any part thereof.

19.     UNIFIED CREDIT AND GIFTS: To exercise my unified credit for federal tax purposes if reasonably deemed appropriate by my attorney in fact to cover excess gifts.

20.     ACT AS BUSINESS MANAGER: To act for me as a general or limited partner, corporate officer or shareholder, or as a Holder of beneficial interest(s) in any trust, as a member or manager of any Limited Liability Company or partnership, and other like capacities.

To act in my name and stead to the fullest extent as a General Partner of any Limited Partnerships that I may be involved in and/or to act in my name and stead to the fullest extent possible as a Limited Partner of any Partnership I may be involved with. This applies to both General and Limited Partnerships.

21. SUPPORT: To provide for the support and protection of me and of my family, including without limitation, provision for food, housing, medical services, recreation and travel. Generally, to provide for my health, education, maintenance and support.

10

18

22.     GIFTS: I have discussed and informed my Attorney in fact and the Successor thereof and my legal counsel, Robert S. Holland, of my intention to make gifts that are exempted from the federal and Virginia or other state gift taxes and I hereby direct my said Attorney or the Successor thereof to execute on my behalf any and all documents required to make such gifts and to take all actions as he or they may deem necessary or appropriate to make and complete all such gifts. That I hereby authorize gifts to be made to third parties and I give my holder of this Power of Attorney the right to demand and receive any funds contained in any Trust, limited partnership, corporation, limited liability company or other entity that I have a right to the assets or proceeds thereof, and I further direct that once said demand is made by my attorney in fact, and the demand would be appropriate if made by me, the responsible party shall deliver said funds to my attorney in fact for the purpose of making gifts to third parties. That I hereby authorize gifts to be made to third parties and said third parties shall be the natural objects of my bounty being my children, grandchildren, and great grandchildren and their spouses and children, nieces, nephews, and my spouse if appropriate. That my attorney in fact shall not have the authority to make gifts to themselves unless my attorney in fact is a member of the classes that are the natural object of my bounty that have just been listed herein. In that event, in the event that gifts are being made to all members of a particular class, such as my children, and my attorney in fact is a member of that class and gifts are made to all members of that class, I hereby affirm and approve said gift, despite the fact that it might otherwise be deemed self-dealing. I also authorize my attorney in fact to file a gift tax return and use my lifetime exemption or any part thereof to avoid paying the Federal gift tax, however, I recognize that there may very well be state gift tax due.

23.     SAFETY DEPOSIT BOX: To establish a safe deposit box in my name or in the

11

name of any corporation, partnership, trust, limited liability or partnership or any other entity and

to place items of mine for safe keeping therein and enter and make use of said box. Also to have

free and private access to any safe deposit box in my name or rented by me in any bank,

including authority to have it drilled, with full right to deposit and withdraw from or to give full

discharge thereof.

24.    TAX RETURN:  To prepare and file on my behalf tax estimates and tax returns,

federal and state or employee, to pay any taxes due on or thereby, to represent me or hire and pay

for tax representation from my assets, and any audit proceedings regarding such returns in the file

and prosecute same for tax purposes, or employ others to do soon my behalf, and receive any tax

refunds due me.

25.    CONTRACT AND INSURANCE CLAUSE:  To receive from any sum or sums

of money due me under any contract or insurance of any type, to complete, sign, and file any

proofs of claims necessary or appropriate with respect to any loss or claim under any insurance

policy, and to exercise any options or elections available to me thereunder.

26.    GOVERNMENT PROGRAMS:  To make application for and receive old age or

retirement benefits, medical and hospital coverage and benefits under the federal social security

act and other Government programs, and to complete any and all forms of proofs of claim for any

and all benefits thereunder.  That I further specifically give the Holder of my Power of Attorney

the authority to apply for Medicaid benefits for nursing home care and other like benefits and to

complete any and all forms or proofs of claim for any and all benefits thereunder and to receive

said benefits for the use and benefit of myself.

27.    TRANSFERS TO REVOCABLE TRUST: My attorney shall have the power to

transfer title to any and all assets I might own to any revocable trust which I may create or he

12

20

may create for me under the terms hereunder, to be held, administered and distributed in accordance with the terms of any such trust. That these trusts shall include charitable trusts.

28.    REAL ESTATE: That the specific real property covered hereunder is described as **see Exhibit A Attached**. See Exhibits attached hereto further identifying said property.

29.    AMENDMENT AND REVOCATION OF REVOCABLE TRUST AGREEMENTS: To amend or revoke any and all amendable or revocable Trust Agreements that I have created and/or executed. Further, that my attorney in fact may authorize an increase in the income level to me from any or all Trusts if the same authority would be available to the Undersigned Grantor, and said attorney in fact shall also have the power to encroach upon the principal of any Trust that is created for or used for my benefit in the event that said attorney in fact deems it necessary and advisable to do so. Furthermore, before performing these powers my attorney in fact shall obtain and pay for certification from my attorney, Robert S. Holland of 308 Cogdill Road NW, Knoxville, Tennessee 37922, or John Graham, 111 North Park Street, Marion, Virginia 24354, or some other attorney competent in Family Protection Planning as to the validity of said action. It is my specific intent that the said powers not be exercised at the behest of a Court or administrative agency for the purpose of making my income so high that I could not qualify for the use of medicare and/or medicaid in the event that I was housed in a long term custodial care facility, such as a nursing home.

30.    ANNUAL ACCOUNTING: That in the event that I become incompetent or otherwise unable to handle my financial affairs and this Power of Attorney is effective, the holder of this Power of Attorney shall be required to give an annual accounting to my children.

31.    FUNDING OF ENTITIES: To fund all Trusts, Partnerships, Corporations Limited Liability Companies or Limited Liability Partnerships or other entities created by my

13

attorney for me hereunder or that were created by the undersigned.

32. BUSINESS DECISIONS: To act for and administer, make decisions, implement decisions and carry out all functions as to any interests, possession, office, or ownership interest of any nature I might have in my business, limited or general partnership, corporation, Trust, sole proprietorship, or any other matter of any other nature regarding like entities and jobs.

33. AGENTS: To contract for or employ agents, accountants, advisors, attorneys, and others for services in connection with the performance by said attorney in fact of any powers identified in this instrument herein. Further, to appoint a substitute(s) to perform any of the acts that my attorney in fact is by this instrument authorized to perform. Additionally, the right to revoke such appointment of a substitute shall not terminate with the death or disability of my attorney in fact, but shall continue as all other powers and authorities granted herein with the successor attorney in fact.

34. LIVING TRUST FUNDING: To undertake any and all activity or efforts necessary to transfer and convey all of my assets into any Living Trust I have heretofore created or is created hereunder. It is my intent that all of my assets, personal or real (excluding any life insurance policies on my life), may be transferred to a Family Limited Partnership, Irrevocable Trust, or other like entity either created by myself or by my attorney in fact hereunder. Therefore, that all of my assets except the policies shall be transferred into and become a part of any Trust that I might create or that is hereinafter created hereunder. Therefore, said assets shall be disposed of in accordance with the terms and provisions of said Living or other Trust. That it is my intent that my attorney in fact, once this Power of Attorney becomes effective, shall have the right, authority and power to create not only a Living Trust but also other entities such as a Family Limited Partnership, Corporation, LLC and Trusts (Revocable or Irrevocable) if said

14

attorney in fact deems same to be in my best interest and appropriate. Also notwithstanding the foregoing, a Life Insurance Trust may be created.

35. INDUCEMENT: For the purpose of inducing any party to act in accordance with the powers granted in this Power of Attorney, I hereby warrant and assert that if this Power of Attorney is terminated for any reason whatsoever, I and my successors will save such party harmless from any loss suffered or liability incurred by such party in acting in accordance with this Power of Attorney, prior to the time on which any person has actual notice of such revocation/termination. Any party may rely upon a photocopy of this power without production of the original.

36. NO CONSERVATOR: By executing this instrument on the advice of legal Counsel, I have carefully and deliberately created the means and manner by which I desire that my person and property be cared for, managed and protected in the event I shall become unable to execute any such responsibilities myself. Accordingly, it is my intention and my desire that I herewith express in the strongest possible terms, that no guardian or conservator be appointed for me so long as there is an attorney in fact named in this instrument who is willing and able to act and serve under this instrument. I request that any Court of competent jurisdiction that receives and is asked to act upon a Petition of a guardian or conservator for me, to give the greatest possible weight to my intention and desires expressed herein. Furthermore, if a Court, in opposition to my intention and desire appoints a conservator or guardian or other like officer in opposition to said intention and desire I request and state that my intention and desire is that my requests are contained in this Power of Attorney. I request any court to appoint my holder or Agent as identified herein or as otherwise appointed hereunder to serve as my Conservator or Guardian. I direct, but do not require, that if appointed by legal representative or conservator, that my agent

15

or Holder serve without bond. However, if the Court appoints a conservator, guardian or other fiduciary, the attorney in fact shall be accountable to the principal and the fiduciary.

37. COURT APPOINTED GUARDIANS OR CONSERVATORS: That it is my specific intent and I hereby grant the holder of this Power of Attorney the right and duty to provide directions to any Court appointed guardian or conservator. It is therefore my specific intent that any Court appointed officer be subservient to and take their directions from the holder of my Power of Attorney.

38. CREATION OF BUSINESS ENTITIES:

That my attorney in fact is hereby authorized, after consultation with an accountant and attorney, and upon the agreement of both, to create new business entities in my name and for my use and benefit. Said entities may include, but not be limited to, limited liability companies, limited partnerships and corporations. That upon the creation of same after appropriate approval is set forth herein, my attorney in fact is also authorized to fund said entities with my assets by executing and taking all actions necessary to accomplish same.

39. SPECIFIC INTENT THAT BANKS, INSURORS, STOCK BROKERS, ETC. HONOR THIS POWER OF ATTORNEY:

That it is my specific intent that banks, financial institutions, stock brokers, insurors, insurance agents, insurance adjusters, stock transfer agents, and other like entities and all of their agents or employees, honor and obey my wishes that this Power of Attorney shall be honored and enforced. Furthermore, it is my specific intent that if any of these persons or entities refuse my intent that they and not my attorney in fact or myself be responsible for all damages and fees that result thereto including accounting fees, reasonable attorney's fees, Court costs, and any and all other costs, fees or expenses that result from these persons wrongful failure to honor this specific

16

24

intent. This instrument shall be construed and interpreted as a Durable General Power of Attorney. The enumeration of specific items, rights, acts, or powers herein shall not limit or restrict, and is not to be construed or interpreted as limiting or restricting, the general powers herein granted to said attorney in fact.

40. RETIREMENT PLANS:

It is my specific intent that my attorney in fact shall have the authority to deal with any and all retirement plans of any nature that I may have, including, but not limited to, IRAs, 401Ks, Money Market Plans, Pension Plans, and all other types of retirement plans including stock purchase or stock option plans. That my attorney in fact, may exercise all incidents of ownership of said plans for me and in my best interest, and shall execute all documents in my name instead, exercise any options in said plans, receive said funds and deposit them to my credit. It is my specific intent to give the holder of my Power of Attorney the widest possible discretion in dealing with my retirement accounts, so long as said attorney applies the same to my benefit upon the receipt of cash or assets and in all events acts as fiduciary in requesting information or documents, executing documents or acting on said information in any manner.

41. DISABILITY:

In the event that I become mentally or physically or emotionally disabled so as to not be able to act for my best interest, and in the event that two medical doctors have examined me and determined that I am unable to act to take care of my everyday affairs because of my mental, physical or emotional disability then in that event it is my intent that this Power of Attorney will become effective, if not already effective. It may be that due to the implementation of clauses in my Living Trust or other documents making it not necessary for this clause to become operative, or my Power of Attorney is already executed and operative, that it may not be necessary to

17

25

consult two doctors.

42. EXECUTE NEW POWER OF ATTORNEY:

I hereby authorize Holder to execute other Power of Attorney forms on my behalf as said Holder deems appropriate.

43. CHANGE RIGHT OF SURVIVORSHIP DESIGNATIONS:

To change, add, or delete any right of survivorship designation on any property, real or personal, to which the principal holds title, alone or with others.

44. CHANGE BENEFICIARY DESIGNATIONS:

To change beneficiary designations on any death benefits payable on account of the death of the principal from any life insurance policy, employee benefit plan, or individual retirement account.

45. RENOUNCE OR DISCLAIM PROPERTY INTERESTS:

To renounce or disclaim any property or interest in property or powers to which a principal may become entitled, whether by a gift or testate or intestate succession.

46. AN ELECTIVE SHARE:

To exercise any right to refuse, release or abandon any right, to claim an elective share in an estate or under any will. Also, to exercise any right to disclaim any inheritance.

47. DECISIONS REGARDING HEALTHCARE:

To make any decisions regarding medical treatments or healthcare. If there is a health care Power of Attorney this clause is in addition to what is contained therein.

48. ACTS MY AGENT CANNOT PERFORM:

Unless otherwise provided herein, my holder may not:

    1.    Perform duties under a contract that requires the exercise of personal

18

services;

2.    Make any Affidavits as to my personal knowledge;

3.    Vote in any public election on my behalf; or

4.    Revoke any document or other disposition effective at my death.

I specifically do not authorize my holder or Agent to create or maintain any joint bank accounts consisting of all or part of my funds or property, whether in a banking institution, savings and loan, brokerage or otherwise, as it is my intention that any and all funds and property belonging to me be maintained in accounts solely in my name, and upon my death, my property be distributed in accordance with my Will or Living Trust (if any), except for such accounts I have maintained with my spouse. However, my Agent may remove assets from an account at any financial institution so long as it is used for my benefit or transferred to another asset in my name or for my benefit.

However, I hereby remove any duty on the part of the financial institution to see to the disposition of said funds.

49. BINDING EFFECT:

I ratify each act my Agent does or causes to be done for me under the authority of this instrument as fully as if I had done or caused it to be done myself.

I may revoke this Power of Attorney at any time. I shall prove the revocation of the power granted under the law by recording an instrument of revocation in the office of the Clerk's Office Circuit Court for Washington County, Virginia.

Any third party may rely upon the authority granted in my Power of Attorney, and may act in good faith reliance thereon until the third party has received notice as provided herein. A third party that has not received notice hereunder may require that my attorney in fact execute an

19

Affidavit described in Code of Virginia

11-9.2(b). Until a third party has received notice of revocation, a third party may presume

conclusively that I have not revoked this Power of Attorney if my Agent makes the Affidavit.

50. AGENT OR HOLDERS EXPENSES:

I want my Agent to exercise the authority granted without fear of incurring a liability or

expense. Therefore, unless my Agent acts unlawfully or contrary to the authority granted by this

Power of Attorney, I shall indemnify my Agent for each monetary expense (including attorney's

fees) that my Agent incurs or that arises from the exercise of my Agent's discretion.

51. AGENT'S RESIGNATION:

My Agent my resign at any time and may prove the resignation by filing an instrument of

resignation in the Clerk's Office Circuit Court in Washington County, Virginia.

52. REVOCATION ON DISSOLUTION OF MARRIAGE:

If my spouse has been appointed my Agent or a successor Agent and an action is filed to

dissolve our marriage, then my spouse shall be deemed to have resigned as Agent, such

resignation to be effective upon the filing of such divorce action, unless the action is initiated

pursuant to an appropriate plan for the protection of my assets and those of my spouse.

53. PHOTOCOPIES:

All photocopies of this document shall have the same validity as the original.

54. VERIFICATION REQUIRED:

This Durable Power of Attorney shall be verified for it to be a valid Durable Power of

Attorney.

55. PAYMENT FOR CARE IN THE HOME:

I hope to remain in my home unless medical emergencies make care in the home

impossible. I authorize my Agent to pay for in-home services provided by others. Should any Agent, relative or friend care for me in my home while I am ill or incapacitated, then my Agent shall compensate that person at the then current fair market rate for the in-home services being provided. Should care outside the home be indicated, then I request that my Agent arrange for my care.

56. PAYMENT FOR CARE MANAGEMENT:

Should any Agent, relative or friend personally undertake to arrange for an manage my care during any illness which I may suffer, whether that care is provided in a home or in a medical institution, then I authorize compensation to that personal care manager the then current fair market rate for the services provided. I suggest that my Agent consult with a geriatric care manager to determine appropriate management of care during any illness which I may suffer. The holder of this Power of Attorney may enter into a contract either personally or with a third party to act as a nursing home advocate, private annuity companion or other like agreement and to carry out the terms of the agreement including but not limited to payment.

57. THIRD PARTY ACCOUNTING:

I direct that my Holder account annually to my attorney or my accountant of my holder's receipts and disbursements and transactions in my property. Such accounting for previous calendar year shall be due on or before the last day of February of the following year. My attorney or accountant shall be entitled to a reasonable fee for their services in reviewing the accounting and preparing any tax return or other document for me.

58. WAIVER OF ATTORNEY-CLIENT PRIVILEGE:

I waive the privilege of confidentiality between me and my attorney, to enable my attorney to discuss any matters that my Agent deems reasonable and necessary in the exercise of

21

the powers granted to my Agent. However, this is a limited waiver and is not waived as to other persons.

59. REQUIREMENT THAT ATTORNEY IN FACT EXHAUST THE GRANTOR'S SEPARATE ESTATE

It shall be a requirement that the attorney in fact exhaust the Grantor's separate estate, if any, before the marital estate, or before the attorney in fact seeks support out of a separate estate of the principal spouse, in the event of contracting for long-term care for the principal.

60. AUTHORITY TO WAIVE THE RIGHT TO DISSENT FROM PRINCIPAL'S SPOUSE'S WILL, ETC:

If the principal's spouse dies while the Durable Power of Attorney is being used, Agent/Holder of this Durable Power of Attorney shall have the authority to waive the right to dissent from the deceased spouse's Will, or to comply with the terms of a valid Prenuptial, Postnuptial Agreement.

61. LIVING ARRANGEMENTS AND PAYMENT FOR HOME CARE:

I do not want to go to a nursing home. Therefore, I hereby grant attorney in fact the power to make arrangements for in-home care and to pay for same. Said payment shall come from my assets. For this purpose, Agent is empowered to sell or otherwise transfer any of my assets in order to pay for said care.

62. AGENT'S FEES:

Agent or holder is specifically authorized to pay herself or himself a reasonable fee for his or her services. Said amount shall be based on the type of services rendered and an Affidavit of time from the attorney in fact. Likewise, an Affidavit shall be obtained as to the value of said services to be filed annually and the reasonable fee to be paid annually.

22

63. PAYMENT FOR PERSONAL CARE:

In the event that personal care is needed or desired and in the further event that some member of my family, being a child, grandchild, great grandchild, or other lineal descendent, or a niece or nephew, or any person married to any of these persons or a friend is willing to take care of me in my days of infirmity, I hereby authorize a signing of a contract for payment for said personal care. It is not important whether said personal care is provided at home or in the hospital or other like facility. Furthermore, it is not important whether said person is the holder of this Power of Attorney or any other person, family or not family. However, it is important that a fair and reasonable contract be entered into providing for the payment for personal care and if said person providing personal care is a close family member, said person care can be paid in a lump sum with much or all of the personal care to be provided afterward, in the event of that situation it may be necessary, in the sole determination of the holder of the Power of Attorney, to provide some security for same. In the event the holder of the Power of Attorney is the personal care provider, in that event a Special Independent Trustee shall be appointed to make that decision. Said Special Independent Trustee must be a non-family member appointed by the holder hereof and must be paid. Likewise, as provided in paragraph fifty-five, payment for care in the home, the provisions of this paragraph likewise should be incorporated in paragraph fifty-five.

64. TRANSFERS AND GIFTS OF INTEREST INVOLVING MY SPOUSE:

Not withstanding anything contained herein to the contrary, it is hereby authorized that a spouse attorney in fact may be allowed to self-deal. This is for the purpose of permitting transfers of my interests in joint property or separate property to my spouse. My spouse can then execute a Will containing a special needs Trust with the undersigned as the beneficiary.

23

65. DEEDS OF GIFT:

It is not my intention to limit the value of the gifts made under this Power of Attorney to the annual exclusion. The holder of this Power of Attorney may make gifts in excess if it makes sense from a tax standpoint. Furthermore, the holder or the attorney in fact can be among the donees. In that regard, gifts made to the spouse/holder of the Power of Attorney which might otherwise be determined to be self-dealing or breach of a fiduciary duty shall not be so determined. My spouse, as attorney in fact, shall be allowed to execute Deeds of Gift and changes of ownership, Deeds and beneficiary designations to his or herself or for his own benefit. Said gifts can be made as determined by the holder of this Power of Attorney in said holder's sole and absolute discretion.

66. AUTHORITY TO SEEK A DECLARATORY JUDGMENT, MANDATORY INJUNCTION:

By my signature hereunder among other powers is the authority to seek a declaratory judgment interpreting this Power of Attorney, or mandatory injunction requiring compliance with the instructions of the principal's attorney in fact, or actual and punitive damages against any person failing or refusing to follow the instructions of the principal's attorney in fact. Furthermore, the holder of the Power of Attorney shall have the right to employ counsel, accountants or other persons for such purposes as are included in this paragraph.

67. AUTHORITY TO CHANGE LIFE INSURANCE, RETIREMENT PLANS, EMPLOYEE BENEFITS, BENEFICIARY DESIGNATIONS, BORROW AGAINST THE POLICY OR CASH IT IN:

The attorney in fact is authorized hereby to change ownership and/or beneficiary designations in life insurance, retirement plan, or employee benefit situations. Likewise, the

24

32

attorney in fact is authorized to change the beneficiary designations or ownership in life insurance policies. Also, the attorney in fact is authorized to borrow against any kind of life insurance or other policy or account or to cash it in.

68. JOINT ACCOUNTS:

Joint accounts such as banks, brokerages, financial institutions, certificates of deposit, etc., are prohibited as to any person other than Grantor's spouse. Attorney in fact is barred from establishing or maintaining joint accounts with any person other than the Grantor's spouse. However, attorney in fact is authorized to place a joint account of any nature in a Living Trust or other like entity for the benefit of the Grantor hereunder or Grantor's spouse.

69. POWERS AUTHORIZED:

My attorney in fact is authorized to perform all functions authorized. These powers include the following:

1)  Generally do, sign or perform in the principal's name, place and stead any act, deed, matter or thing whatsoever, that ought to be done, signed or performed, or that, in the opinion of the attorney in fact, ought to be done, signed or performed in and about the premises, of every nature and kind whatsoever, to all intents and purposes whatsoever, as fully and effectually as the principal could do if personally present and acting. The enumeration of specific powers hereunder shall not in any way limit the general powers conferred here;

2)  Receive from or disburse to any source whatever moneys through checking or savings or other accounts or otherwise, endorse, sign and issue checks, withdrawal receipts or any other instrument, and open or close any

25

accounts in the principal's name along or jointly with any other person;

3) Buy, sell, lease, alter, maintain, pledge or in any way deal with real and personal property and sign each instrument necessary or advisable to complete any real or personal property transaction, including, but not limited to, deeds, deeds of trust, closing statements, options, notes and bills of sale;

4) Make, sign and file each income, gift, property or any other tax return or declaration required by the United States or any state, county, municipality or other legally constituted authority;

5) Acquire, maintain, cancel or in any manner deal with any policy of life, accident, disability, hospitalization, medical or casualty insurance, and prosecute each claim for benefits due under any policy;

6) Provide for the support and protection of the principal, or of such principal's spouse, or of any minor child of the principal or of such principal's spouse dependent upon the principal, including, without limitation, provision for food, lodging, housing, medical services, recreation and travel;

7) Have free and private access to any safe deposit box in the principal's individual name, alone or with others, in any bank, including authority to have it drilled, with full right to deposit and withdraw therefrom or to give full discharge therefor;

8) Receive and give receipt for any money or other obligation due or to become due to the principal from the United States, or any agency or

26

34

subdivision thereof, and to act as representative payee for any payment to which the principal may be entitled, and effect redemption of any bond or other security wherein the United States, or any agency or subdivision thereof, is the obligor or payor, and give full discharge therefor;

9)    Contract for or employ agents, accountants, advisors, attorneys and others for services in connection with the performance by the principal's attorney in fact of any powers herein;

10)   Buy United States government bonds redeemable at par in payment of any United States estate taxes imposed at principal's death;

11)   Borrow money for any of the purposes described herein, and secure such borrowings in such manner as the principals' attorney in fact shall deem appropriate, and use any credit card held in the principal's name for any of the purposes described herein;

12)   Establish, utilize, and terminate checking and savings accounts, money market accounts and agency accounts with financial institutions of all kinds, including securities brokers and corporate fiduciaries;

13)   Invest or reinvest each item of money or other property and lend money or property upon such terms and conditions and with such security as the principal's attorney in fact may deem appropriate, or renew, extend, or modify loans, all in accordance with the State statutory fiduciary standards;

14)   Engage in and transact any and all lawful business of whatever nature or kind for the principal and in the principal's name, whether as partner, joint

27

adventurer, stockholder, or in any other manner or form, and vote any stock or enter voting trusts;

15) Pay dues to any club or organization to which the principal belongs, and make charitable contributions in fulfillment of any charitable pledge made by the principal;

16) Transfer any property owned by the principal to any revocable trust created by the principal with provisions for the principal's care and support;

17) Sue, defend or compromise suits and legal actions, and employ counsel in connection with the same, including the power to seek a declaratory judgment interpreting this power of attorney, or a mandatory injunction requiring compliance with the instructions of the principal's attorney in fact, or actual and punitive damages against any person failing or refusing to follow the instructions of the principal's attorney in fact.

18) Reimburse the attorney in fact or others for all reasonable costs and expenses actually incurred and paid by such person on behalf of the principal.

19) Create, contribute to, borrow from and otherwise deal with an employee benefit plan or individual retirement account for the principal's benefit, select any payment option under any employee benefit plan or individual retirement account in which the principal is a participant or change options the principal has selected, make "roll-overs" of plan benefits into other retirement plans, and apply for and receive payments and benefits;

20) Execute other power of attorney forms on behalf of the principal which

28

36

may be required by the internal revenue service, financial or brokerage institutions, or others, naming the attorney in fact hereunder as attorney in fact for the principal on such additional forms;

21) Request, receive and review any information, verbal or written, regarding the principal's personal affairs or the principal's physical or mental health, including legal, medical and hospital records, execute any releases or other documents that may be required in order to obtain such information, and disclose such information to such persons, organizations, firms or corporations as the principal's attorney in fact shall deem appropriate; and

22) Make advance arrangements for the principal's funeral and burial, including the purchase of a burial plot and marker, if the principal has not already done so. Also to establish a Trust containing Six Thousand Dollars ($6,000.00) plus any amount necessary to move the body to another distant location. Also, this may include establishing Funeral Trusts for other family members.

23) That I hereby grant to my Holder, Agent or Power of Attorney in Fact the right to contract with family members or friends or other relatives to establish a private annuity, act as a nursing home advocate, act as a companion or other person that may assist me in my old age by being available, running errands, etc., and to arrange to pay said person out of my assets. Said payment can be under contract, made in a lump sum or in some other type of arrangement being weekly, monthly, etc. To establish, maintain, sign all reasonable and necessary documents, contribute to or

29

order the sell and distribution of any and all stock purchases to any stock brokers or other like persons including bond agents, etc. It is my specific intent that my Holder of the Power of Attorney herein be treated just as if he was the undersigned and be allowed to buy and sell and otherwise contribute to or withdraw from the stock market and bond market. It is my specific intent that the Holder hereunder be authorized not only to initiate but to terminate any and all accounts I may have with a stockbroker or a bond agent.

70. MISCELLANEOUS:

I want my Holder of my Power of Attorney to exercise the authority granted without fear of incurring a liability or expense. Therefore, unless my Holder acts unlawfully or contrary to the authority granted by this Power of Attorney, I shall indemnify my agent for each monetary expense (including attorney's fees) that my agent incurs or that arises from the exercise of my agent's discretion. Pursuant to Code of Virginia 11-9.2 these Powers of Attorney shall not be revoked, except by a competent person, prior to their termination date, until actual notice of death or disability is received. No agents shall be revoked or terminated by the death or disability of the principal as to the agent or other person who, without actual knowledge or actual notice of the death of the principal, has acted or acts, in good faith, under or in reliance upon such Power of Attorney or Agency, and any action so taken, unless otherwise invalid or un-enforceable, shall be binding on the principal or the heirs, devisees, legatees, or personal representatives of the principal. This Power of Attorney (or his authority) shall not be affected by subsequent disability or incapacity of the principal or lapse of time. This Instrument is

30

38

intended to be a Durable Power of Attorney.

The rights, powers, and authority of said attorney in fact granted in this instrument shall commence and be in full force and effect upon execution by the undersigned Grantor of this Power of Attorney. That the rights and powers and authorities of my Attorney in Fact shall remain in full force and effect until such time if I am competent, that I give written notice that this Power of Attorney is terminated.

That it is my specific intent that this Power or Attorney shall not be revoked by operation of law.

This is specifically intended to apply to any and all accounts I and/or my husband, Roger Neal, have or had at _____Bank of America_____. That is not intended that this listing shall exclude or eliminate any or all other banks not listed but this listing is placed herein merely for the purpose of specificity and it is intended to include herein any and all other banks wherein the undersigned may have a past, current or future account.

That this General Power of Attorney shall prevail over any Power of Attorney of a previous date. This execution hereof terminates all prior Power of Attorneys if they deal with the same subject, namely a financial Power of Attorney.

71. ONE POWER HOLDER MAY ACT

Not withstanding anything contained herein, after my husband has failed or ceased to serve, it is my specific intent that my three (3) children act as the power holders at all times, and that all the powers herein may be exercised by any one of them at any time. The agreement of the other two (2) is not necessary, although it is desired, for that single power holder to act. This is true despite the initial clause herein that says that they only serve after the previous power holder has failed or ceases to serve. In other words, I want all three (3) to be able to serve at all

31

39

times after the execution of this Power of Attorney. I also want them to be able to serve after one

or the other has failed or ceases to serve in the order given in the initial paragraph, but I want any

other of my children to be allowed to serve at any time needed. I do this because my children

may not at all times be located or reside in Virginia, and I want the person that is residing in

Virginia at that time or happens to be temporarily in Virginia to be in power to exercise all the

powers ser forth herein. I have great confidence in each of my three (3) children, and any one

that is available is hereby empowered to serve.

Dated: _____April 29_____, 2009.


X _Linda Gardner Neal_
GRANTOR, Linda Gardner Neal

## NOTARY

STATE OF VIRGINIA
COUNTY OF Washington

    I, notary public of Washington County, Virginia, do certify that **Linda Gardner Neal**, whose name(s) is signed to the writing above (or hereto annex) bearing date on the 29th day of _April_____, 2009, as acknowledged the same before me in my county aforesaid.

    Given under my hand this 29th day of _April /_____, 2009.

_Jennifer Renee Swartz_
Notary Public
Serial # if any: _300190_

This Instrument is Approved By:
Law Office
Graham & Graham, PC
111 North Park Street
Marion, Virginia 24354

This Instrument Prepared By:
Robert S. Holland
HOLLAND LAW
308 Cogdill Road, N.W.
Knoxville, TN 37922
C:\Users\Holland Law\Documents\RSH Client Folders\2008 Client Folders\2008-070 Linda Neal\powratt.doc.Page 1 of 1

INSTRUMENT 202000252
RECORDED IN THE CLERK'S OFFICE OF
WASHINGTON COUNTY CIRCUIT ON
JANUARY 14, 2020 AT 04:21 PM
PATRICIA S. MOORE, CLERK
RECORDED BY: JXW

VIRGINIA:

IN THE CIRCUIT COURT OF WASHINGTON COUNTY

FILED

JUN 2 9 2023

DEPUTY CLERK CIRCUIT COURT
WASHINGTON COUNTY, VA

DR. JEFFREY G. NEAL,

                Plaintiff,

v.                                  Case No. 23-1157

CYNTHIA A. NEAL
SERVE:
602 Watts Street
Durham, NC  27701,

                Defendant.

## MOTION FOR TEMPORARY INJUNCTION

        Pursuant to Sections 8.01-620 and 8.01-628, the Plaintiff, Dr. Jeffrey Neal moves the Court for entry of a temporary injunction against the Defendant enjoining the Defendant from exercising any power or authority under certain general and special powers of attorney allegedly executed by Linda Neal on April 14, 2023, and in support thereof states the following:

        1.  Under the facts set forth in the "Verified Complaint," irreparable harm will be suffered by the Plaintiff and his mother, Linda Neal, if Cynthia Neal exercises or attempts to exercise authority under the general power of attorney or special power of attorney allegedly executed April 14, 2023.  Extreme stress amongst family members has been occasioned by the circumstances under which the purported powers of attorney were executed and by the conflict and confusion amongst family members as to who has authority to represent the interests and to speak for Linda Neal who is an elderly and incapacitated individual caught and tortured by the conflict that currently exists amongst her children.  Management of Linda Neal's assets cannot be accomplished due to the conflict as to who may have authority to represent her interests.

        2.  Irreparable harm also flows from the attempt by Cynthia Neal, acting to advance her own personal interests under the purported special power of attorney, to involve her mother's assets in the litigation amongst Cynthia Neal and her siblings now pending in the United States District Court for the Western District of Virginia, Case No. 1:23-cv-00004.

41

This attempt will lead to a waste of judicial resources that cannot be recovered.

3. The facts set forth in the Verified Complaint preponderate to show that Linda Neal did not have knowing or free will in the execution on April 14, 2023, of the general and special powers of attorney to Cynthia Neal due to lack of mental capacity and the exercise of undue influence by Cynthia Neal over her mother.

4. Pending full adjudication, of the declaratory judgment action, exercise of powers by Cynthia Neal must be temporarily enjoined.

5. A proposed order is attached.

JEFFREY G. NEAL
BY COUNSEL

JOHN E. KIEFFER, Counsel for Plaintiff
John E. Kieffer, Attorney at Law, PLLC
1934 Euclid Avenue
PO Box 2125
Bristol, VA   24203-2125
Tel. 276-466-5522
Fax 276-466-2124
e-mail jekpc@bvu.net

## CERTIFICATE OF SERVICE

I certify that on June 29, 2023, I served a true copy of the foregoing Motion for Preliminary Injunction and accompanying Notice of Hearing upon the Defendant by mailing a said true copy to each of her attorneys whose addresses are shown below by U. S. Mail, First Class, postage prepaid, and also by e-mail to each of their respective e-mail addresses:

Anthony Taibi
Taibi Law Group, PLLC
3710 University Drive, Suite 110
Durham, NC   27707
e-mail taibi@TLGNC.com

JAMES WHITE
J. C. White Law Group
100 Europa Drive, Suite 401
Chapel Hill, NC   27517

jwhite@jcwhitelaw.com

Michael Derdeyn
Attorney at Law
530 E. Main Street
Charlottesville, VA   22902
med@fplegal.com

_____
JOHN E. KIEFFER

LAW OFFICES

# JOHN E. KIEFFER

### Attorney at Law
PLLC

JOHN E. KIEFFER

_____

LICENSED IN VIRGINIA
AND TENNESSEE

1934 EUCLID AVENUE
BRISTOL, VIRGINIA  24201

MAILING ADDRESS:
P. O. BOX 2125
BRISTOL, VA 24203

_____

TELEPHONE (276) 466-5522
TELEFAX (276) 466-2124
E-MAIL jekpc@bvu.net

www.johnkieffervatnlaw.com

June 29, 2023

Honorable Tricia Moore
Clerk, Circuit Court of
 Washington County
191 E. Main Street
Abingdon, VA   24210

**FILED**

**JUN 2 9 2023**

DEPUTY CLERK
CIRCUIT COURT
WASHINGTON COUNTY, VA

> RE:    Jeffrey Neal v. Cynthia Neal
> Case No. 23-1157

Dear Trish:

On behalf of the Plaintiff in the above-captioned matter, I enclose for filing a Motion for Temporary Injunction and a Notice of Hearing.  I have served true copies of these filings upon counsel for Defendant as shown in the Certificates of Service.

Thanks for your help.  Please let me know if there are any questions.

Sincerely,

John E. Kieffer

JEK:sk

Enclosures

cc:    Anthony Taibi
       James White
       Michael Derdeyn

VIRGINIA:

IN THE CIRCUIT COURT OF WASHINGTON COUNTY

DR. JEFFREY G. NEAL,

        Plaintiff,

v.                                             Case No. 23-1157

CYNTHIA A. NEAL
SERVE:
602 Watts Street
Durham, NC  27701,

        Defendant.

## NOTICE OF HEARING

TO:   CYNTHIA A. NEAL
      602 Watts Street
      Durham, NC   27701
      c/o Her Attorneys:
      Anthony Taibi
      Taibi Law Group, PLLC
      3710 University Drive, Suite 110
      Durham, NC   27707
      e-mail taibi@TLGNC.com
      and
      JAMES WHITE
      J. C. White Law Group
      100 Europa Drive, Suite 401
      Chapel Hill, NC   27517
      jwhite@jcwhitelaw.com
      and
      Michael Derdeyn
      Attorney at Law
      530 E. Main Street
      Charlottesville, VA   22902
      med@fplegal.com

**FILED**

JUN 2 9 2023

DEPUTY CLERK
CIRCUIT COURT
WASHINGTON COUNTY, VA

PLEASE TAKE NOTICE that commencing at 1:30 p.m. on July 10, 2023, or as soon thereafter as we may be heard, I will appear before the Circuit Court of

Washington County sitting in the Circuit Courtroom, Washington County Circuit Court, Courthouse, 191 East Main Street, Abingdon, Virginia 24210, to request the relief described in the attached "Motion for Temporary Injunction."

You are invited to be present to protect your interests.

JEFFREY G. NEAL
BY COUNSEL

JOHN E. KIEFFER, Counsel for Plaintiff
John E. Kieffer, Attorney at Law, PLLC
1934 Euclid Avenue
PO Box 2125
Bristol, VA 24203-2125
Tel. 276-466-5522
Fax 276-466-2124
e-mail jekpc@bvu.net

## CERTIFICATE OF SERVICE

I certify that on June 29, 2023, I served a true copy of the foregoing Notice of Hearing and accompanying Motion for Temporary Injunction upon the Defendant by mailing a said true copy to each of her attorneys whose addresses are shown above by U. S. Mail, First Class, postage prepaid.

JOHN E. KIEFFER

VIRGINIA:

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY

DR. JEFFREY G. NEAL,

        Plaintiff,

v.                                                              Case No. 23-1157

CYNTHIA A. NEAL
SERVE:
602 Watts Street
Durham, NC  27701,

        Defendant.

## TEMPORARY INJUNCTION ORDER

Upon the Verified Complaint filed by the Plaintiff seeking entry of a temporary injunction against the exercise by Cynthia Neal of any authority under powers of attorney purportedly signed by Linda Neal on April 14, 2023; upon the appearance of the Plaintiff by counsel; and upon the appearance of the Defendant by counsel, the Court FINDS that the facts set forth in the Verified Complaint justify the entry of a temporary injunction to maintain the status quo until the matter may be further heard by the Court; and that the Plaintiff has shown that irreparable harm to the emotional, physical, and financial well-being of the Plaintiff and Linda Neal and the Neal family will result if the injunction is not granted; and that a temporary injunction should issue;

It is ORDERED as follows:

1. Cynthia Neal is hereby enjoined from exercising or purporting to exercise any authority under the powers of attorney purportedly signed by Linda Neal on April 14, 2023, which said powers of attorney are attached to the Verified Complaint, until further hearing and order of the Court.

2. This order shall be effective from the time and date of entry and shall continue to be effective until the conclusion of the hearing set forth below unless the same should be extended at such hearing by further order of the court.

3. This matter is set for further hearing at _____ a.m./p.m. on

_____, 2023, for review and further proceedings.

4.  The Court having considered the circumstances, it concludes that requiring a bond of Dr. Jeffrey Neal is unnecessary, and it is ORDERED that this injunction take effect upon entry of this Order without the requirement of bond or surety.  Delivery of a copy of this Order to counsel who appeared for the Defendant shall be sufficient service of this Order upon the Defendant.

5.  The Clerk shall send an attested copy of this Order to counsel of record.  Delivery of a copy of this Order to counsel of record at the addresses set forth in the Notice of Hearing.

ENTER at _____ p.m. on July 10, 2023.


_____
                                    JUDGE

REQUESTED:


_____
JOHN E. KIEFFER,  Counsel for Plaintiff
VSB #14599


SEEN:


_____


2

LAW OFFICES

# JOHN E. KIEFFER

### Attorney at Law
#### PLLC

JOHN E. KIEFFER

_____

LICENSED IN VIRGINIA
AND TENNESSEE

1934 EUCLID AVENUE
BRISTOL, VIRGINIA  24201

_____

TELEPHONE (276) 466-5522
TELEFAX (276) 466-2124
E-MAIL jekpc@bvu.net

www.johnkieffervatnlaw.com

MAILING ADDRESS:
P. O. BOX 2125
BRISTOL, VA 24203

May 22, 2023

**FILED**

MAY 2 2 2023

DEPUTY CLERK
CIRCUIT COURT
WASHINGTON COUNTY, VA

Honorable Tricia Moore
Clerk, Circuit Court of
  Washington County
191 E. Main Street
Abingdon, VA  24210

      RE:   Dr. Jeffrey G. Neal v. Cynthia A. Neal

Dear Trish:

      On behalf of the Plaintiff in the above-captioned matter, I enclose for filing a Complaint.  Would you please issue the summons, and I will pick up the summons and complaint copy for service through the Secretary of the Commonwealth.

      I enclose my firm check for the required filing and service fees. Thanks for your help.

      Sincerely,

John E. Kieffer

JEK:sk

Enclosures

cc:   Jeffrey Neal

50

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. ......... 191CL23001157-00

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

**FILED**
JUL - 5 2023
DEPUTY CLERK CIRCUIT COURT
WASHINGTON COUNTY, VA

Washington County ........................................................ Circuit Court

| Jeffrey G. Neal | v. | Cynthia A. Neal |
|---|---|---|
| | | 602 Watts Street |
| | | Durham, NC  27701 |

**TO THE PERSON PREPARING THIS AFFIDAVIT:** You must comply with the appropriate requirements listed on the back of this form.

Attachments:    [×] Summons and Complaint    [ ] Notice
                                                [ ]

I, the undersigned Affiant, state under oath that
[×] the above-named defendant    [ ]
    whose last known address is    [×] same as above [ ]
1.  [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)  **1, 3**
    applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2.  [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice (if applicable).

05/29/2023
DATE        [ ] PARTY [×] PARTY'S ATTORNEY [ ] PARTY'S AGENT [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

MY COMMISSION NUMBER 243029

State of    Virginia    [×] City [ ] County of    Bristol
Acknowledged, subscribed and sworn to before me this day by    John E. Kieffer
                                                                    PRINT NAME OF SIGNATORY

05-29-23
DATE        [ ] CLERK    [ ] MAGISTRATE    [×] NOTARY PUBLIC
Notary Registration No.  243029 ......... My commission expires: 06-30-2024

[ ] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

**NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:**
    You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:
1.  On    JUN 0 7 2023    , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.
2.  On    JUN 2 7 2023    , papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

51

# COMMONWEALTH OF VIRGINIA



### WASHINGTON CIRCUIT COURT
Civil Division
189 EAST MAIN STREET
ABINGDON VA 24210
(276) 676-6224

Proof of Service

Virginia:
In the WASHINGTON CIRCUIT COURT

Case number: 191CL23001157-00
Service number: 001
Service filed: May 22, 2023
Judge:

Served by: OUT OF STATE
Style of case: JEFFREY G NEAL  vs CYNTHIA A NEAL
Service on: CYNTHIA A NEAL                          Attorney:
            602 WATTS STREET
            DURHAM NC 27701

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, May 22, 2023 with a copy of the Complaint filed Monday, May 22, 2023 attached.

Hearing date   :
Service issued: Monday, May 22, 2023

For Sheriff Use Only

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| Dr. Jeffrey G. Neal, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23CV21 |
| | ) | State Court No. 23-1157 |
| v. | ) | |
| | ) | **O R D E R** |
| Cynthia A. Neal, | ) | |
| | ) | |
| Defendant. | ) | |

This case was recently removed from the Circuit Court for Washington County to the United States District Court for the Western District of Virginia at Abingdon. This court, finding it necessary and proper to do so, hereby REQUESTS that the original case file in your Court be forwarded to the Clerk of this court at 180 W. Main Street, Room 104, Abingdon, VA 24210, or submitted through this court's Case Management and Electronic Case Filing system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for Washington County.

ENTERED:  July 10, 2023

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

ECF
DOCUMENT
I hereby attest and certify that this is a printed copy of
a document that was electronically filed with the
United States District Court for the Western District
of Virginia.
Date Filed 7/10/23
Laura A. Austin, Clerk of Court
By: a Meade
Deputy Clerk

FILED
JUL 1 4 2023
DEPUTY CLERK CIRCUIT COURT
WASHINGTON COUNTY, VA