# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DR. JEFFREY G. NEAL,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:23CV00021 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CYNTHIA A. NEAL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*John E. Keiffer, JOHN E. KEIFFER, ATTORNEY AT LAW, PLLC, Bristol, Virginia, for Plaintiff; James C. White, J.C. WHITE LAW GROUP PLLC, CHAPEL HILL, NORTH CAROLINA, Anthony D. Taibi, THE TAIBI LAW GROUP, PLLC, Durham, North Carolina, and Michael E. Derdeyn and M. Hunter Rush, FLORA PETTIT, PC, Harrisonburg, Virginia, for Defendant.*

In an action commenced by the plaintiff, Jeffrey Neal (Jeffrey), seeking a declaratory judgment to determine the validity of his mother's power of attorney, and accompanying rights, I ordered the parties to brief the issue of whether his mother, Linda Neal (Linda), is a necessary party. Following that briefing, and for the reasons that follow, I find that Linda is a necessary and indispensable party. Because adding Linda as a party defendant would preclude diversity subject-matter jurisdiction, I will remand the action to state court.

I.

In this case, the plaintiff Jeffrey filed suit in state court seeking declaratory judgment to clarify his rights under his mother's powers of attorney and an injunction against his sister, Cynthia Neal (Cynthia) against the exercise of any power of attorney held by her. It is alleged that there are three powers of attorney, dated as of April 29, 2009, December 16, 2016, and April 14, 2023, respectively.

Jeffrey's suit against Cynthia seeks to clarify which of these powers of attorney is valid and appears to contend that the determination of which power of attorney is controlling will in turn affect the exclusivity of his rights as Linda's agent. He further contends that Linda became incapacitated at some point after 2015, before the 2023 power of attorney and potentially even the 2016 power of attorney.

The action was timely removed to this Court by Cynthia. Jeffery is a citizen of Virginia and Cynthia is a citizen of North Carolina and subject-matter jurisdiction of this Court is claimed by Cynthia based on diversity of citizenship and amount in controversy. Linda is also a citizen of Virginia.

II.

Pursuant to Federal Rule of Civil Procedure 19(a)(1), a party is necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of an action and is so situated that disposing of the action in the person's absence may:

>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In order to be deemed a necessary party under the plain text of Rule 19(a)(1)(B), the nonparty must claim an interest. "If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Nat'l Union Fire Ins. Co. of Pittsburgh,* 210 F.3d 246, 249 (4th Cir. 2000).

Some courts in this circuit have held that a party is necessary only if that party expressly claims an interest. *See Landfall Trust LLC v. Fid. Nat'l Title Ins. Co.*, No. 3:22cv194 (RCY), 2023 WL 3391985 at *2 (E.D. Va. May 11, 2023) (collecting cases). While Rule 19 does state that necessary parties must claim an interest, Rule 19 is not so stringent as to require claims only by expressly seeking to join the litigation in question. Some interests are so fundamental, such as the competency of a party, as to be presumed claimed even without express intervention by the necessary party. Linda presents this situation because her competency is attacked in this action. Thus, Linda is a necessary party. However, her joinder is not feasible because she can be joined neither as a plaintiff nor as a defendant. To join her as a plaintiff would align her with Jeffrey, who is attacking her competency. To join her as a defendant would destroy diversity between her and Jeffrey. Accordingly, I must

– 3 –

consider whether Linda is an indispensable party without whom the action should not proceed among the parties under Rule 19(a)(1)(B).

As has been held, a "contracting party is the paradigm of an indispensable party." *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991). This rule follows from the equitable factors set forth in Rule 19 and is instructive in the litigation that involves Linda and her children. I find that parties to a power of attorney are analogous to parties to a traditional contract when acting as the principal. Notably, there is a risk of substantial prejudice to Linda because there is pending in state court a guardianship action also brought by Jeffery that may determine her present competency contrary to a finding by this Court. Thus, I find that Linda is a necessary and indispensable party who may not be feasibly joined to the present action and I must remand the action because the Court would not have subject-matter jurisdiction. The Court's duty is to determine its own jurisdiction, regardless of the position of the parties.

### III.

For the foregoing reasons, the Court will remand this case to state court. A separate final order will be entered herewith.

ENTER: December 13, 2023

/s/  JAMES P. JONES
Senior United States District Judge